IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2014

## DAVID FRAZIER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Polk County**
**No. 04-097    Carroll L. Ross, Judge**

---

**No. E2013-02563-CCA-R3-CD - Filed June 16, 2014**

---

The Defendant, David Frazier, appeals as of right from the Polk County Criminal Court's summary dismissal of his motion to correct an illegal sentence. See Tenn. R. Crim. P. 36.1. The Defendant contends that the trial court erred by dismissing his motion without a hearing. The State concedes that the trial court erred. Following our review, we reverse the judgment of the trial court and remand the case for a hearing on the Defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

David Frazier, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Robert Steven Bebb, District Attorney General; and M. Drew Robinson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 19, 2004, the Defendant pled guilty to two counts of felony evading arrest in exchange for concurrent, two-year sentences. On September 21, 2013, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence. The Defendant then filed a "supplement" to his motion on October 7, 2013, alleging that he was on bail for the first offense of evading arrest when he committed the second offense. The trial court summarily dismissed the motion on November 12, 2013.

Rule 36.1 states as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

(Emphasis added).

Tennessee Code Annotated section 40-20-111(b) provides that in "any case in which a defendant commits a felony while the defendant was released on bail . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively." Therefore, the Defendant's motion stated a colorable claim. Accordingly, we remand this matter to the trial court for a hearing on the motion. It appearing that the Defendant is indigent, the trial court shall appoint counsel to represent the Defendant in this matter. Should the Defendant prove the allegations in his motion, the trial court must then determine if the illegal sentence was a material component of the Defendant's plea agreement.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed. The case is remanded for proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE